WILLIAM H. HENDERSON, APPELLEE, V. GRANT HOLLIMAN, APPELLANT.

FILED MARCH 1, 1922.   No. 21628.

Drains: DRAINAGE DISTRICTS: CREATION.   The district court acquires jurisdiction to consider articles of association for the formation of a drainage district under the provisions of sections 1794-1868, Rev. St. 1913, by the filing of the articles of association purporting in good faith to be signed by the majority in interest of the landowners in the district and service of notice thereof as provided by said statute.   Having acquired such jurisdiction, the court may thereafter permit additional landowners in said drainage district to join in the articles of association.

APPEAL from the district court for Nemaha county: JOHN B. RAPER, JUDGE.   *Affirmed.*

*Kelligar & Ferneau,* for appellant.

*Lambert & Armstrong* and *E. F. Armstrong, contra.*

Heard before MORRISSEY, C. J., ROSE, ALDRICH and FLANSBURG, JJ., GRAVES and WELCH, District Judges.

WELCH, District Judge.

This is a proceeding to form a drainage district, under the provisions of sections 1794-1868, Rev. St. 1913.

On January 6, 1920, a petition praying that there may be declared a drainage district, signed by William H. Henderson, one of the owners of land within said proposed drainage district, who had signed the articles of association therefor, was filed in the office of the clerk of the district court for Nemaha county, Nebraska, the county in which the proposed drainage district is located.   Attached to said petition were the articles of association complying substantially with the requirements of section 1797, Rev. St. 1913, purporting to be signed by a majority in interest of the owners of the land in the proposed district. Service of notice thereof was made by service of summons and by publication in the manner provided by statute.

On April 2, 1920, Grant Holliman, one of the owners of land situated in said district who had not signed said articles of association, filed in said court objections to the organization of said drainage district. He alleged as one of the grounds of his objections that a majority of the landowners within the limits of the proposed district did not sign the petition therefor.

Before the final hearing in court on said petition, several of the original signers of said articles filed in court request to withdraw their names therefrom, and several owners of land within said district filed petition that they be considered as signers of said articles of association and petitioners for the formation of said drainage district.

On June 7, 1920, after a hearing on said petition and objections thereto, the court found that the proposed drainage district included 4,184.2 acres of low, wet, submerged, or overflowed lands; that the petition, at the time it was filed, contained the names of parties representing themselves to be the owners of 2,326 acres of said land. The court further found that one Otto Putman signed for 290 acres of said land of which he claimed to be the owner, and that said Putman has possession of said land under a contract with one William Schwab, the owner of the legal title thereto, who had made a deed conveying said land to said Putman, which was placed in a bank to be delivered to said Putman when he should pay the purchase price thereof, and that a large part of the purchase price had not been paid. The court concluded that said Putman was not a legal signer, and found that at the time the petition was filed the legal signers of said articles of association owned but 2,018.59 acres of land in said district. The court further found that by withdrawals from the articles of association and by additions thereto, which additions included the signature of said William Schwab joining with said Otto Putman, there was then owned by the signers and petitioners desiring and praying for the organization of said drainage district 2,237.97 acres of said

land; and that said amount is a majority in interest of the landowners in the district. The court also found all the other facts required by the statute to authorize it to declare the drainage district a public corporation of this state. Thereupon the court overruled the objections of appellant herein, and declared said drainage district a public corporation of this state, including all the lands described in the articles of association.

The objector, Grant Holliman, appealed. The only assignment of error presented by appellant is that the petition as originally filed (articles of association) was not signed by a majority in interest of the landowners in said proposed drainage district, and for that reason the court did not acquire jurisdiction over the subject-matter, nor jurisdiction to permit names to be added to the articles of association after the same was filed and summons issued.

The statute provides that a majority in interest of the owners of land in a proposed drainage district may form such district. It further expressly provides: "The fact that the district shall contain one hundred and sixty acres or more of wet, overflowed, or submerged lands shall be sufficient cause for declaring the public utility of such improvements, and shall be sufficient grounds for declaring the organization of a public corporation of this state." Rev. St. 1913, sec. 1799.

The object and purpose of the statute requiring a hearing in court is to have a judicial determination that the land in the proposed district is of the character and quantity that the drainage thereof will be of public benefit, and that a majority in interest of the landowners therein desire the improvement. These facts must be found by the court before the land of the landowners who do not ask for the improvement can become liable for the expenses incurred therefor.

The filing in the office of the clerk of the district court of articles of association signed by owners of land in the

district purporting to be a majority in interest of such owners gives authority to issue summons and to proceed for service by publication on unknown owners and owners who are nonresidents of this state. The court has jurisdiction of the subject-matter, by virtue of the statute giving it jurisdiction to declare a drainage district a public corporation of this state, upon ascertaining the fact, in a proper proceeding therefor, that the district contains 160 acres or more of wet, overflowed, or submerged lands, and that a majority in interest of the landowners therein desire the improvement. The court acquires jurisdiction of all parties in interest by the filing of such articles of association and service of notice on the parties designated by the statute. If the court finds that any land within the proposed district will not be benefited thereby, it must, by express provision of the statute, exclude the same from the district. But such exclusion would not prevent the district from being declared a public corporation by the court, provided there remained 160 acres or more of land of the character required by the statute, and a majority in interest of the owners of the land remaining desired the improvement. In case the facts required to be set forth in the articles of association are insufficiently set forth therein, the court might permit the same to be amended. Both of the above changes, however, would not prevent the court from having jurisdiction of the subject-matter. The only purpose of requiring a majority in interest of the landowners to sign the articles of association is to advise the court that such majority desire the improvement. The signing of articles of association, after the same are filed, by other landowners in the district, is but an amendment thereto. It is simply a declaration by them that they desire the improvement and they thereby advise the court of that fact. If the court finds from the evidence that at the time it renders its decision all the necessary facts exist, there is no discretion in the court. The law requires it to declare the district a public corpo-

ration of the state. In the case of a city council acting on a petition to sell intoxicating liquors, they had discretion to grant or refuse such license, but before they could exercise that discretion in favor of granting the license, certain steps must be taken to give them jurisdiction to exercise that discretion. These steps must be strictly followed. In the case of a court which is called upon to determine and act upon the facts in the formation of a drainage district, the court has no discretion. It must declare the district a public corporation if it finds the necessary facts to exist. The court is acting judicially with power to permit amendments in the proceedings before it.

If a person, believing himself to be the owner of a sufficient interest in lands within the proposed drainage district to qualify him to sign the articles of association therefor, signs the same, the subsequent joining in such articles by the owner in fee of that land is a ratification by him of the act of the person originally signing, with respect to that land. It is but an amendment to the articles of association. No one is affected by such subsequent act but the owner of that land. The joining by the owner of the fee therein and also by the person first signing the same, if he has an equitable interest in such land, advises the court that all parties in interest in that land desire the improvement.

In our opinion the filing in the office of the clerk of the district court of articles of association, signed by persons purporting in good faith to be a majority in interest of the landowners in a proposed drainage district, which articles substantially set forth the requirements of the statute, together with service of notice as required by the statute, gives the court jurisdiction to consider whether or not the lands in the proposed district are of the quantity and character required by the statute to authorize the court to declare the drainage district organized and a public corporation of the state, provided the court finds that, at the time of such declaration of the court, a majority

in interest of the landowners in the district desires the improvement. We are further of the opinion that after the filing of such petition the court may permit amendment thereto by additional landowners of the district join-- ing in the articles of association.

The judgment of the lower court is therefore

AFFIRMED.